UNITED STATES DISTRICT COURT

                          EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                  NO: 09-63

LOUIS BOYD, JR.                                         SECTION: R (5)

                              **ORDER AND REASONS**

   Before the Court is Louis Boyd, Jr.'s *pro se* motion for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255.[1] After reviewing Boyd's motion, the record and the applicable law, the Court concludes that his objections are without merit. Accordingly, his motion is DENIED.

   On March 5, 2009, a federal grand jury indicted Boyd on four counts of distribution of crack cocaine, one count of possession with intent to distribute five grams or more of crack cocaine, one count of felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime.[2] On March 19, 2010, a federal grand jury returned a superseding indictment, adding to the list of charges one count of conspiracy to distribute crack cocaine.[3] A petit jury found

---

   [1] R. Doc. 181.

   [2] R. Doc. 1.

   [3] R. Doc. 50.

Boyd guilty on all counts.[4] On appeal, the Fifth Circuit vacated the conspiracy conviction and remanded for resentencing.[5] On January 23, 2013, the Court sentenced Boyd to a total term of 147 months.[6] On May 31, 2013, Boyd timely filed his *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[7]

    Boyd sets out two claims in his motion. First, he asserts that his case was illegally transferred from state court to federal court.[8] This claim is factually inaccurate. Boyd's case was not transferred from state to federal court. Although Boyd was initially arrested and charged in state court, his state charges were dismissed after a federal grand jury indicted him on federal charges for the same alleged conduct.[9] This turn of events does not amount to improper removal or transfer. Boyd was charged in federal court for violations of federal law committed within the Eastern District of Louisiana.[10] His first claim fails.

---

[4] R. Doc. 96.

[5] R. Doc. 154.

[6] R. Doc. 171.

[7] R. Doc. 181.

[8] *Id.* at 4.

[9] R. Doc. 188 at 9.

[10] R. Doc. 1.

Second, Boyd argues that the evidence was insufficient to prove beyond a reasonable doubt that he "used" a firearm in furtherance of a drug trafficking crime.[11] In this circuit, sufficiency of the evidence claims are not cognizable on collateral motions brought under § 2255. *Forrester v. U.S.*, 456 F.2d 905, 907 (5th Cir. 1972) (per curiam); *Mendoza v. U.S.*, 365 F.2d 268, 272 (5th Cir. 1966). Thus, to the extent that Boyd's second claim contests only the sufficiency of the evidence to convict him of possession of a firearm in furtherance of a drug trafficking crime, it is not cognizable under § 2255 and must be dismissed.

Boyd is proceeding *pro se*, however, and his motion is entitled to liberal construction. *See Gilbert v. French*, 364 F. App'x 76, 80 (5th Cir. 2010). Construing his motion liberally, the Court reads Boyd's second claim to allege as well that his appellate counsel was constitutionally ineffective for failing to argue that the evidence was insufficient to prove "use" of a firearm in furtherance of a drug trafficking crime.[12] To prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance resulted in actual prejudice.

---

[11] R. Doc. 181 at 5.

[12] *See id.* ("Appellant counsel was not effective in that count of the indictment.").

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Here, there is no indication that counsel's performance was deficient. Boyd was convicted of possession of a firearm in furtherance of a drug trafficking offense, not use of a firearm in furtherance of a drug trafficking offense.[13] Thus, the sufficiency of the evidence to prove *use* of a firearm, which Boyd addresses, is irrelevant. Moreover, the evidence was sufficient to prove that Boyd possessed a firearm in furtherance of a drug trafficking crime. There was testimony both that a revolver was found on a shelf in Boyd's home alongside a quantity of cocaine and that the proximity of the gun to the drugs was consistent with use of a firearm in connection with drug trafficking.[14] *Contrast United States v. Rios*, 449 F.3d 1009, 1014-16 (9th Cir. 2006) (evidence was insufficient to prove possession of a firearm in furtherance of drug trafficking when police found a gun but no drugs in defendant's home, and when the evidence indicated that all drug trafficking was conducted elsewhere). Accordingly, appellate counsel had good reason not to argue that the evidence was insufficient to prove possession of a firearm in furtherance of drug trafficking. Counsel's performance was not deficient.

The Court will not issue a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings

---

[13] R. Doc. 96 at 8.

[14] R. Doc. 109 at 144.

provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). A certificate of appealability should issue only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 US. 473, 484 (2000)). The Court finds that Boyd's motion does not satisfy this standard.

Accordingly,

IT IS ORDERED that Boyd's motion is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __9th__ day of October, 2013.

_____
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**