UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                               CRIMINAL ACTION

VERSUS                                      NO: 09-063

LOUIS BOYD, JR.                             SECTION: R(5)


**ORDER AND REASONS**

Before the Court is Louis Boyd, Jr.'s *pro se* Motion for Clerical Error.[1] For the following reasons, the Court DENIES the motion.


**I. BACKGROUND:**

On July 21, 2010, Boyd was found guilty in this Court of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack, four counts of distribution of a quantity of cocaine base ("crack"), one count of possession with intent to distribute five grams or more of crack, one count of felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking crime.[2] After the Court's original sentence was vacated by the

---

[1] R. Doc. 200-1.

[2] R. Doc. 96.

1

Fifth Circuit,[3] the Court, on January 23, 2013, resentenced Boyd to a term of imprisonment of 147 months.[4] The Court specified that the "term consists of a term of 87 months as to Counts 2 through 7, all to be served concurrently, and a term of 60 months as to Count 8 to be served consecutively as to Counts 2 through 7."[5] The sentence also required Boyd to serve a term of supervised release of six years upon his release from imprisonment.[6] On July 24, 2014, Boyd filed a Motion for Clerical Error, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, claiming that the judgment and commitment order failed to specify the number of months of imprisonment he must serve before his supervised release term begins.[7]

## II. ANALYSIS:

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission." This Rule does not allow a Court to make substantive alterations to a sentence, and it "is not a

---

[3] R. Doc. 154.

[4] R. Doc. 171 at 3.

[5] *Id.*

[6] *Id.* at 4.

[7] R. Doc. 200-1.

2

vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (quoting *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993)) (quotation marks omitted).

Here, Boyd claims that the judgment and commitment order contained an error subject to correction under Rule 36 because it failed to specify the number of months of imprisonment he must serve before his supervised release term begins.[8] This contention is contrary to the Court's order, which expressly provided that the "defendant is ... to be imprisoned for a total term of 147 months."[9] Specifically, the Court detailed that the "term consists of a term of 87 months as to Counts 2 through 7, all to be served concurrently, and a term of 60 months as to Count 8 to be served consecutively as to Counts 2 through 7."[10] In addition, the order expressly provided that "[u]pon release from imprisonment, the defendant shall be on supervised release for a term of six years."[11] The order is clear that Boyd is to serve a term of imprisonment for 147 months, only after which he is on a term of supervised release of six years. There is no evidence of ambiguity or error. No

---

[8] *Id.*

[9] R. Doc. 171 at 3.

[10] *Id.*

[11] *Id.* at 4.

3

possible reading of the order supports Boyd's claim.

Construing Boyd's motion broadly, the Court observes that his contention of error appears to be based on his erroneous interpretation of his sentence. Boyd argues that the Court imposed a total sentence of 147 months.[12] In doing so, Boyd wrongly conflates his term of imprisonment with his sentence. Boyd argues further that because the "sentence," by his count, is only 147 months, the 72-month supervised release period should fall within this period.[13] On this basis, Boyd contends that the Court erred by not specifically providing that the supervised release period should fall within the 147-month period.[14] This is the heart of the error Boyd purports to identify.

Clearly, Boyd's interpretation of his sentence is wrong. A sentence is not limited to the term of imprisonment. Instead, the sentence includes both the term of imprisonment and the term of supervised release. *See* 18 U.S.C. § 3583 (A "court ... may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment...."). Here, the Court imposed a term of imprisonment of 147 months, with an additional term of six years of supervised release to begin upon Boyd's release from imprisonment. Taken together, the Court imposed

---

[12] R. Doc. 200-1 at 3.

[13] *Id.*

[14] *Id.*

a sentence, including imprisonment and supervised release, of 219 months, not 147 months as Boyd claims. It is clear that Boyd's six-year term of supervised release is to begin only after his term of imprisonment of 147 months.

Boyd's contention of error is without merit. The Court finds no identifiable error to which Rule 36 is applicable.

## III. CONCLUSION:

For the foregoing reasons, the Court DENIES Boyd's motion.

New Orleans, Louisiana, this  27th  day of August, 2014.


_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE