UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-63 |
| LOUIS BOYD, JR. | SECTION "R" |

## ORDER AND REASONS

Defendant Louis Boyd, Jr. has filed four pro se motions relating to sentence reduction. The motions are denied for the reasons offered below.

## I. BACKGROUND

On July 21, 2010, following a jury trial, Louis Boyd, Jr. was found guilty of Counts One through Eight of the Indictment. The Court sentenced Boyd to 300 months imprisonment. Two years later, the Fifth Circuit vacated defendant Louis Boyd's conviction on Count One of the Indictment, mandating a re-sentencing.[1] On January 23, 2013, the Court sentenced Boyd to a term of 87 months imprisonment as to Counts Two through Seven of the Indictment (distribution of cocaine base and possession of a firearm by a convicted felon) and a term of 60 months imprisonment as to Count Eight

---

[1] R. Doc. 154.

(possession of a firearm in furtherance of a drug trafficking crime), to run consecutively to the terms imposed on Counts Two through Seven.[2]

Following Amendment 782 of the United States Sentencing Commission Guidelines, which amended the offense levels outlined in the drug quantity table, the Court reduced Boyd's sentence on Counts Two through Seven to a term of 71 months, to be consecutively followed by the term of 60 months on Count Eight.[3] On February 19, 2016, Boyd moved, through his attorney, for a further reduction in his sentence based on the sentencing factors set forth in 18 U.S.C. § 3553(a).[4] The Court denied Boyd's motion, and found that the already-reduced sentence adequately reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.[5]

Since the Court's last order, Boyd has filed four pro se motions. Two motions seek to modify or supplement the February 19 motion for further sentence reduction filed by Boyd's attorney.[6] A third seeks reconsideration

---

[2] R. Doc. 171.

[3] R. Doc. 215.

[4] R. Doc. 218.

[5] R. Doc. 219.

[6] R. Doc. 223; R. Doc. 224.

of the Court's order denying the February 19 motion.[7] Finally, in the fourth motion, Boyd seeks permission to release counsel and proceed pro se.[8] The United States opposes Boyd's motions.[9] For the following reasons, the Court denies Boyd's motions.

## II.   DISCUSSION

As an initial matter, the Court notes that Boyd has no right to hybrid representation, and the Court therefore need not consider Boyd's pro se motions to supplement filings by his attorney. *See United States v. Stamper*, 539 F. App'x 408, 409 (5th Cir. 2013) ("As Stamper continues to be represented by counsel, he does not have the right to hybrid representation or simultaneous representation by himself and counsel."); *United States v. Bradham*, No. 12-302, 2013 WL 2903989, at *1 (W.D. La. June 13, 2013) ("[A] criminal defendant represented by counsel does not have a constitutional right to file every pro se motion he wants to file in addition to his attorney's motions."). Boyd's motion to proceed pro se and reargue a motion for sentence reduction already denied by this Court is therefore

---

[7]   R. Doc. 221.

[8]   R. Doc. 222.

[9]   R. Doc. 228.

denied. Nonetheless, the Court exercises its discretion to briefly review Boyd's arguments.

In seeking a sentence reduction, Boyd contends that: (1) his guidelines range was erroneously calculated because the presentence report was not updated following the Fifth Circuit's vacating of Boyd's conviction on Count One; (2) that the 35 grams of cocaine base attributed to Boyd correspond to a pre-reduction offense level of 24, rather than 26; and (3) that his post-reduction total offense level is 14, rather than 24.  These arguments lack merit.

As made clear by the Second Addendum to the Presentence Report, Boyd's 2013 sentencing was not based on the vacated Count One, but rather on the remaining convictions for Counts Two through Seven.[10] Furthermore, the 35 grams of cocaine base attributed to Boyd corresponded to an offense level of 26, not 24, under the 2012 guidelines.  *See* United States Sentencing Commission, *Guidelines Manual* §2D1.1 (Nov. 2012).  Finally, pursuant to 18 U.S.C. § 3582(c)(2), the Court correctly reduced Boyd's offense level by two points in response to the United States Sentencing Commission's

---

[10]   R. Doc. 160-2.

modification of the applicable guideline range.[11] Boyd bases his argument that the appropriate post-reduction offense level is 14 on a misreading of his presentence report. The report notes that the Court may exercise its discretion to find that the 18:1 ratio between cocaine base and powder cocaine offenses creates an unwarranted sentencing disparity.[12] It suggests that, should the Court find such a disparity, an offense level of 14 would be appropriate based on a 1:1 ratio between powder and base.[13] The Court, however, did not find an unwarranted disparity in this case, and the alternative offense level therefore has no bearing on Boyd's sentence. Specifically, this language is irrelevant to Boyd's later two point reduction pursuant to 18 U.S.C. § 3582(c)(2).

Boyd's motions to modify, supplement, or reconsider his previous sentencing reduction motion are based on misunderstandings of law and fact and raise only frivolous objections to the sentence imposed by this Court. They are therefore denied.

---

[11] R. Doc. 215.

[12] R. Doc. 160 at 11.

[13] *Id.*

## III.  CONCLUSION

For the reasons stated above, Boyd's four pro se motions[14] relating to sentence reduction are DENIED.

New Orleans, Louisiana, this 11th day of August, 2016.

```
                    _____
                           SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE
```

---

[14]  R. Doc. 221; R. Doc. 222; R. Doc. 223; R. Doc. 224.