UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-063 |
| LOUIS BOYD, JR. | SECTION "R" |

### ORDER AND REASONS

Before the Court is defendant's *pro se* motion for early termination of his supervised release.[1] The Government opposes the motion.[2] Because defendant fails to satisfy the applicable statutory requirements, the Court denies the motion.

### I.  BACKGROUND

A jury found Louis Boyd guilty four counts of distribution of a quantity of cocaine base,[3] one count of possession with intent to distribute five grams or more of cocaine base,[4] one count of possession of a firearm by a convicted

---

[1]  R. Doc. 231.
[2]  R. Doc. 233.
[3]  *See* R. Doc. 96 at 2-5.
[4]  *See id.* at 6.

felon,[5] and one count of possession of a firearm in furtherance of a drug trafficking crime.[6]

The Court imposed 147 months of imprisonment,[7] to be followed by six years of supervised release.[8] Following Amendment 782 to the United States Sentencing Commission Guidelines, however, the Court reduced Boyd's sentence to a term of 131 months' imprisonment,[9] still to be followed by six years of supervised release.[10] Boyd, having served two years on supervised release, now moves for the Court to terminate the remainder of his sentence, citing his compliance with the terms of his supervised release.[11]

## II.   LEGAL STANDARD

A district court may terminate a defendant's supervised release "at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e). In making its determination, the Court must reconsider many of the factors it contemplates at the sentencing stage. Specifically, the Court

---

[5]     *See id.* at 7.
[6]     *See id.* at 8.
[7]     *See* R. Doc. 171 at 3.
[8]     *Id.* at 4.
[9]     *See* R. Doc. 215.
[10]    *See id.* at 1 (providing that the original sentence with respect to supervised release remained unchanged).
[11]    *See* R. Doc. 231 at 1-2.

must consider the nature of the offense, the defendant's history, the need to afford adequate deterrence, and public safety. *See* 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553, but except for 18 U.S.C. § 3553(a)(2)(A)). If the Court finds that those factors break in favor of terminating supervised release, it must next ensure that "[early termination is] warranted by the conduct of the defendant released and [in] the interest of justice." 18 U.S.C. § 3583(e)(1).

In all events, a defendant's mere compliance with the terms of supervised release does not warrant early termination. *See, e.g.*, *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Mitchell*, No. 13-538, 2020 WL 64541, at *2 (D.N.J. Jan. 7, 2020) ([C]ompliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."); *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("[C]ompliance with the terms of supervision and with the law is not enough to warrant termination; such conduct is expected and required.").

## III. DISCUSSION

In considering the factors set out under 18 U.S.C. § 3553, particularly the nature of Boyd's offense and the need to deter similar conduct, the Court does not find early termination warranted. Boyd was convicted of significant drug and firearms offenses.[12] Boyd's sentence, including his term of supervised release, appropriately reflects the nature of the offense, promotes deterrence, and provides just punishment.

Moreover, Boyd's primary argument is that his compliance with the terms of supervised release justifies its early termination. Indeed, Boyd asserts that he "has maintained employment[] and abided by all rules and conditions of [s]upervised [r]elease."[13] And for this reason alone, he argues, there is "no cause for continuation of [s]upervised [r]elease."[14] Because Boyd "is merely abiding by the terms of his supervised release, which is the expectation of all defendants[,]" he has not demonstrated any "extraordinary circumstance[]" that might justify early termination. *See United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

---

[12]   *See* R. Doc. 96.
[13]   R. Doc. 231 at 2.
[14]   *Id.* at 2.

4

In his reply, Boyd also invokes the rule of lenity.[15] The rule of lenity "'applies only when . . . [there is] an ambiguous statute'" for the Court to interpret. *Shular v. United States*, 140 S. Ct. 779, 787 (2020) (quoting *United States v. Shabani*, 513 U.S. 10, 17 (1994)). The rule of lenity has no application to Boyd's motion, which appeals to the discretion of this Court—a discretion that 18 U.S.C. § 3583(e)(1) unambiguously confers.

Next, Boyd argues that the Government's attorneys "are outside the scope of their authority," because they are opposing him from an office located outside of Washington, D.C.[16] In support of this proposition, Boyd cites 4 U.S.C. § 72, which provides that "[a]ll offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, *except as otherwise expressly provided by law*." *Id.* (emphasis added). The Government, of course, has the requisite statutory authority to oppose Boyd's motion. *See, e.g.*, 28 U.S.C. § 541 (providing that "[t]he President shall appoint . . . a United States attorney for each judicial district"); 28 U.S.C. § 98 (providing that there is a "judicial district" in the "Eastern" district of Louisiana).

---

[15]   R. Doc. 234 at 2.
[16]   *Id.* at 3.

5

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the motion.

New Orleans, Louisiana, this __6th__ day of July, 2020.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE